IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01594-PAB-KMT

MICHAEL GREEN, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

FISHBONE SAFETY SOLUTIONS, LTD., a Texas limited partnership,
WILLIAM S. CAIN,
BSC INTEREST, LLC, a Texas limited liability company, and
NOBLE ENERGY, INC., a Delaware corporation,

    Defendants.

## ORDER

This matter is before the Court on Defendants William S. Cain's and BSC Interest, LLC's Motion to Dismiss [Docket No. 26], which is brought pursuant to Fed. R. Civ. P. 12(b)(2). The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This case arises out of an employment dispute. Docket No. 6 at 1-2, ¶ 1. According to the amended complaint, defendants Fishbone Safety Solutions, Ltd. ("Fishbone"), William S. Cain ("Cain"), BSC Interest, LLC ("BSC"), and Noble Energy, Inc. ("Noble") violated the Fair Labor Standards Act ("FLSA") by failing to pay their employees statutorily mandated overtime. *Id.* Defendant Cain is the managing partner of BSC and the president of Fishbone. Docket No. 26-1 at 2-3, ¶¶ 3-4. BSC, in turn, is the general partner of Fishbone. *Id.* at 3, ¶ 4.

Plaintiff alleges that he worked for defendants as a "Safety Advisor, inspecting and monitoring oil well sites for safety issues." Docket No. 6 at 3, ¶ 10. Plaintiff states that he was regularly required to work over forty hours per week, but defendants refused to pay him overtime because he was classified as an independent contractor, rather than as an employee. *Id.* at 3-4, ¶¶ 11-12. Plaintiff argues that defendants misclassified him in order to avoid paying overtime premiums and to reduce other employment expenses. *Id.* at 4, ¶ 13.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether the Court has personal jurisdiction. The plaintiff bears the burden of establishing personal jurisdiction over defendants. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Where a district court considers a motion to dismiss for lack of personal jurisdiction and there has been no evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008) (citations omitted). The Court will accept the well-pleaded allegations of the complaint as true to the extent they are uncontroverted by affidavits submitted by defendants. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted). "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (quotation omitted).

## III. ANALYSIS

To assert personal jurisdiction over a defendant in a federal question case, the Court must determine: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations omitted). Because the FLSA is silent as to service of process, the Court looks to the long-arm statute of the forum state. *See Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op.*, 17 F.3d 1302, 1304-05 (10th Cir. 1994). The Colorado long arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent of the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).

"Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Interstate Restoration, LLC v. Wilson Assocs.*, No. 13-cv-03423-REB-MJW, 2014 WL 1395466, at *2 (D. Colo. Apr. 8, 2014) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). Where general jurisdiction is asserted over a non-resident

defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates that the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 919. Specific jurisdiction, in contrast, is present only if the lawsuit "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). Plaintiff does not assert general jurisdiction; thus, the Court will analyze defendants BSC's and Cain's contacts with Colorado as they relate to specific jurisdiction.

The specific jurisdiction analysis is two-fold. First, the Court must determine whether defendant has such minimum contacts with Colorado that defendant "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers*, 137 S. Ct. at 1781. Second, if defendants' actions create sufficient minimum contacts, the Court must consider whether the exercise of personal jurisdiction over defendants offends "traditional notions of fair play and substantial justice."[1] *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987)

---

[1]The Supreme Court in *Bristol-Myers* did not engage in a two-step analysis regarding personal jurisdiction and made no reference to the second step of the test regarding "traditional notions of fair play and substantial justice." 137 S. Ct. at 1781. However, after *Bristol-Myers*, district courts in the Tenth Circuit have continued to apply a two-step analysis to questions related to personal jurisdiction. *See, e.g., AK Steel Corp. v. PAC Operating Ltd. P'ship*, 2017 WL 3314294, at *2 (D. Kan. Aug. 3, 2017); *see also Tarver v. Ford Motor Co.*, 2017 WL 3527710, at *3 (W.D. Okla. Aug. 16, 2017) (noting that *Bristol-Myers* applied "settled principles of personal jurisdiction" and did not

(internal quotations omitted). This latter inquiry requires a determination of whether the Court's exercise of personal jurisdiction over defendants is "reasonable" in light of the circumstances of the case. *Id*.

### A. Joint Employer

Before considering each defendant's contacts with Colorado, the Court considers plaintiff's argument that the Court has personal jurisdiction over defendants BSC and Cain because plaintiff has adequately alleged that each defendant acted as a joint employer within the meaning of FLSA.[2] Docket No. 41 at 2-4. Plaintiff argues that, because BSC and Cain are joint employers, they are subject to jurisdiction where the employee works. *Id.* In support of his argument, plaintiff cites *Powers v. Emcon Assocs., Inc.*, No. 14-cv-03006-KMT, 2016 WL 1111708 (D. Colo. Mar. 22, 2016), where the court found it had personal jurisdiction over out-of-state defendants because plaintiffs had properly pled joint employer liability under the FLSA. *Id.* at *6. The *Powers* court, however, did not discuss the difference between statutory liability and personal jurisdiction or explain how the definition of "employer" under the FLSA could

---

disrupt the Tenth Circuit's two-step approach to personal jurisdiction set forth in *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).

[2]In regulations implementing the FLSA, the Department of Labor expressly contemplates that "[a] single individual may stand in the relation of an employee to two or more employers at the same time." 29 C.F.R. § 791.2(a). Joint employment may exist "where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." 29 C.F.R. § 791.2(b)(3). A joint employer is considered jointly and severally liable for compliance with the overtime provisions of the FLSA. *See* 29 U.S.C. § 207(a)(2)(C); 29 C.F.R. § 791.2.

expand the scope of personal jurisdiction.  *Id.*

Ordinarily, personal jurisdiction is a constitutional question that does not turn on the particulars of statutory liability.  *See Creech v. P.J. Wichita, L.L.C.*, 2017 WL 914810, at *3-4 (D. Kan. Mar. 8, 2017) ("[P]ersonal jurisdiction derives from a constitutional inquiry of due process, liability theories arise from federal or state statutes.").  While some courts have relied upon statutory liability to answer questions concerning personal jurisdiction, they "have largely done so without analysis." *Id*. at *3 (discussing examples).  Those cases that have squarely considered the question rejected the notion that statutory liability is relevant to personal jurisdiction.  *See, e.g., Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) ("[A] state or federal statute cannot transmogrify insufficient minimum contacts into a basis for personal jurisdiction by making these contacts elements of a cause of action, since this would violate due process."); *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 735 F. Supp. 2d 277, 328 (W.D. Pa. 2010) (collecting cases divided over whether statutory liability is relevant to personal jurisdiction and concluding that the two inquiries are distinct).  While the Tenth Circuit has not addressed the issue, the Court finds that defendants BSC and Cain's alleged status as joint employers is irrelevant to the question of personal jurisdiction. *Creech*, 2017 WL 914810, at *3 ("There is no binding authority in the Tenth Circuit that personal jurisdiction can extend to a nonresident company" that is a joint employer under the FLSA).  Accordingly, the Court considers whether defendants BSC and Cain had sufficient minimum contacts with Colorado to support personal jurisdiction.

### B. Minimum Contacts

In determining whether a court has specific jurisdiction over a non-resident defendant, the court is directed to inquire "whether there was 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Goodyear*, 564 U.S. at 924. However, specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1780. Specific jurisdiction requires a "connection between the forum and the specific claims" presented in the lawsuit. *Id.* at 1781.

#### *1. Defendant BSC*

According to the affidavit submitted by defendant Cain:

> BSC does not have any employees and does not have any office in Colorado. BSC does not own any real or personal property in Colorado. BSC has not and does not regularly conduct business in Colorado. BSC did not recruit or hire Mr. Green or Proactive. BSC did not enter into any contract with Mr. Green or Proactive. BSC has not entered into any contract with any Colorado residents or entities relative to the facts of this case. BSC did not supervise or control Mr. Green's work schedule or the conditions of his work. BSC did not determine the rate or method of payment of Mr. Green as it related to his consulting services. BSC does not and has not maintained the personnel records for Mr. Green or his company.

Docket No. 26-1 at 3, ¶ 4. Because defendants have presented evidence showing that BSC does not have any contacts with Colorado, let alone contacts related to this case, it is plaintiff's burden to present "competent proof supporting [his] jurisdictional allegation." *Creech*, 2017 WL 914810, at *6. Nowhere in plaintiff's response to defendants BSC and Cain's motion to dismiss does plaintiff argue that defendant BSC

had contacts with the state of Colorado. *See generally* Docket No. 41. Moreover, the affidavit submitted by plaintiff makes no reference to defendant BSC. *See generally* Docket No. 41-1. There is no competent proof that defendant BSC had minimum contacts with Colorado. The Court finds that plaintiff has not met his burden of making a prima facie showing of personal jurisdiction with respect to defendant BSC.

### *2. Defendant Cain*

Defendant Cain states that, although he is the president of Fishbone and has authority within the company, he did not have any involvement with Fishbone's hiring of plaintiff and has not otherwise been involved in the oversight of plaintiff. Docket No. 26-1 at 2, ¶ 3. In addition, defendant Cain states that he does not "regularly conduct business in Colorado." *Id.*, ¶ 2. In response, plaintiff states:

> I am aware that Mr. Cain visited Colorado at least twice in his role as President of Fishbone. During those trips, Mr. Cain, together with another Fishbone employee, met with myself and several other Fishbone workers. We discussed Fishbone's contract with Noble, and our work under that contract. Mr. Cain stated that he was concerned about maintaining the contract with Noble, and I understood that his trips to Colorado were intended to preserve his relationship with Noble, and therefore to generate business for Fishbone in Colorado.[3]

Docket No. 41-1 at 2, ¶ 4. In addition, plaintiff alleges that defendant Cain made

---

[3]Plaintiff states that defendant Cain visited Colorado in his role as President of Fishbone. Docket No. 41-1 at 2, ¶ 4. The fiduciary shield doctrine may prevent a court from asserting personal jurisdiction as a result of actions taken on behalf of a corporate entity. *See Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1165 (D. Colo. 2016). However, defendant Cain does not argue that the fiduciary shield doctrine applies in this case. *See* Docket No. 43 at 4 ("neither Cain nor BSC mention . . . the fiduciary shield doctrine"). Even if defendant Cain raised such an argument, Colorado does not appear to have adopted the fiduciary shield doctrine, and the Court would be required to consider all of defendant Cain's contacts with Colorado. *Oaster,* 173 F. Supp. 3d at 1165 (citations omitted).

contact with him via telephone regarding his pay rate.[4] *Id.*, ¶ 3. Construing the facts in the light most favorable to plaintiff, the Court finds that defendant Cain made two trips to Colorado directly related to Fishbone's business relationship with Noble. Docket No. 41-1 at 2, ¶ 4. Defendant Cain met with plaintiff on both occasions in order to discuss the contract between Fishbone and Noble. *Id*. Plaintiff was employed by Fishbone as a safety advisor to service the contract between Fishbone and Noble. Docket No. 6 at 3, ¶ 10. In addition, defendant Cain personally made contact with plaintiff via telephone while plaintiff was employed in Colorado. Docket No. 41-1 at 2, ¶ 3. Based on these facts, the Court finds that plaintiff has made a prima facie showing that defendant Cain "avail[ed] [him]self of the privilege of conducting activities within the forum State" by building and maintaining a business relationship with Noble and meeting with plaintiff in this state. *Goodyear*, 564 U.S. at 924. In addition, it is clear that there is an affiliation between the forum state and the underlying controversy. *Bristol-Myers*, 137 S. Ct. at 1780.

### C. Traditional Notions of Fair Play and Substantial Justice

Because plaintiff has satisfied the minimum contacts analysis with regard to defendant Cain, the burden shifts to defendant Cain to demonstrate that exercising personal jurisdiction would nonetheless "offend traditional notions of fair play and

---

[4]Plaintiff also states that one of defendant Noble's employees informed him that defendant Cain has "authority to make hiring/firing decisions and to change Fishbone workers' pay." Docket No. 41-1 at 3, ¶ 5. Defendants argue that this statement is inadmissible hearsay. Docket No. 43 at 5-6. Because the alleged statement relates only to defendant Cain's status as a joint employer, not to whether defendant Cain has sufficient contacts with Colorado, the Court does not consider the contested portion of plaintiff's affidavit.

9

substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008) (internal citation omitted). The minimum contacts and reasonableness components of the due process inquiry are inversely related. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998). "'[T]he weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction [and t]he reverse is equally true.'" *Id.* (quoting *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994)). To satisfy this burden, defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). This usually involves consideration of the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*OMI Holdings*, 149 F.3d at 1095.

Defendant Cain does not argue that jurisdiction in this case is unreasonable. *See generally* Docket No. 26. Because defendant Cain has not attempted to meet his burden of showing that personal jurisdiction is unreasonable in this case, the Court finds that the exercise of personal jurisdiction over defendant Cain is proper under the Due Process Clause.

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants William S. Cain's and BSC Interest, LLC's Motion to Dismiss [Docket No. 26] is granted in part and denied in part. It is further

**ORDERED** that defendant BSC Interest, LLC is dismissed from this case without prejudice.

DATED September 12, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge